UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23812-BLOOM

FRANKLIN PEARSON,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,

    Respondent.

_____/

**ORDER ON *PRO SE* SECOND AMENDED PETITION
FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Franklin Pearson's *pro se* Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [7] ("Petition"). Petitioner raises four claims concerning his October 15, 2019, involuntary civil commitment probable cause hearing. *See generally id.*

Respondent Florida Department of Children and Families filed an Amended Response, ECF No. [18], and an Amended Index to Appendix, ECF No. [19], with attached Exhibits 1–53, ECF No. [19-1], as well as a Notice of Filing Transcripts, ECF No. [15], with attached transcripts, ECF Nos. [15-1]–[15-7]. The Court has carefully considered the Petition, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is denied.

**I.   BACKGROUND**

Petitioner has been committed under the Involuntary Civil Commitment of Sexually Violent Predators Act since March 21, 2003. *See* ECF No. [19-1] at 20–24. Petitioner filed a

Petition for Release on March 19, 2019. *See id.* at 512–15. A probable cause hearing[1] was held on that petition on October 15, 2019. *See* ECF No. [15-7] at 59–116. Petitioner was represented by counsel at the hearing. *See id.* In support of his petition, Petitioner presented the trial court with a packet containing reports and addendums from two defense-retained doctors. *See id.* at 61:4–7. In opposition, the State of Florida submitted reports from two different doctors. *See id.* at 61:8–13. Before hearing argument, the trial judge confirmed having "reviewed all materials that have been provided to me." *Id.* at 61:14–15.

In the hearing, the trial court considered the evidence, heard argument, considered a statement from Petitioner, and provided the following reasons for denying the petition:

> THE COURT: After hearing the evidence and reviewing the reports that have been provided in [the] evidentiary hearing, the arguments and the statement from the defendant, at this time the Court has to find that the defense has failed to show that there is probable cause to believe that Mr. Pearson's conduct has so changed that it's safe for him to return and be out at large. That if he is released he will not engage in acts of sexual violence . . . I have pretty much already pointed out the things that I find deficient in the reports provide[d] by the defense who does have at this point the burden of proof and the showing of probable cause . . . There is nothing that shows that there is any specific change or any change whatsoever other than conclusory. The evidence is overwhelming from what I read to the opposite. There has been no sufficient change or any change that I can really see . . . I think at this time it's very premature to say there is sufficient change and the petition is denied.

*Id.* at 114:7–25, 115:1–13 (alterations added). Petitioner appealed, *see* ECF No. [19-1] at 509, and his appellate counsel filed a memorandum brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *see id.* at 556. Petitioner filed a *pro se* initial brief raising two claims of trial court error, *see id.* at 517, and the district court *per curiam* affirmed. *Pearson v. State*, 2020 WL 4342245 (Fla. 3d DCA July 29, 2020).

---

[1] Section 394.918(3), Florida Statutes, states that following a hearing, "if the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue."

2

Case No. 22-cv-23812-BLOOM

Petitioner filed a Petition for Writ of Habeas Corpus with this Court on January 11, 2021.[2] This Court ordered Petitioner to amend twice. *See* ECF Nos. [3], [6]. Thus, Petitioner's Second Amended Petition is before the Court. He raises the following claims:

> I. WHETHER PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS APPELLATE COUNSEL FAILED TO RAISE ON APPEAL THAT THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THE EVIDENCE CLEARLY DEMONSTRATED PROBABLE CAUSE THAT ENTITLED PETITIONER TO RELEASE OR BENCH TRIAL.
>
> II. WHETHER PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS APPELLATE COUNSEL FAILED TO RAISE ON APPEAL THAT TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO BE FAIR AND IMPARTIAL DURING PETITIONER'S PROBABLE CAUSE HEARING.
>
> III. PETITIONER WAS DENIED HIS RIGHT TO RELEASE AND/OR A BENCH TRIAL, WHERE THERE WAS SUFFICIENT EVIDENCE TO ESTABLISH PROBABLE CAUSE THAT PETITIONER'S CONDITION HAD CHANGED, AND IT WAS SAFE FOR HIM TO BE RELEASED.
>
> IV. PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS WHEN THE TRIAL JUDGE DEPARTED FROM HER ROLE TO BE FAIR AND IMPARTIAL DURING THE PETITIONER'S PROBABLE CAUSE HEARING.

ECF No. [7] at 7, 11, 16, 17.

**II. LEGAL STANDARD**

**A.   Deference Under § 2254**

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

3

U.S. 233, 246 (2007). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (internal quotation marks omitted). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and footnote omitted). Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

**B.   Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied

5

*Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

## III. DISCUSSION

### A. Timeliness

Respondent concedes, and the Court finds, that the Petition was timely filed. *See* ECF No. [18] at 28.

### B. Exhaustion/Procedural Default

Respondent asserts that Grounds Three and Four are procedurally defaulted. *See id.* at 39–42. The Court, however, has the authority to "skip over the procedural default analysis" for a state prisoner's federal claim if it is easier to deny those claims on the merits. *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Here, it is easier to deny Grounds Three and Four on the merits and so the Court will "skip over the procedural default analysis." *Dallas*, 964 F.3d at 1307.

### C. Grounds One and Three

#### i. Ground One

In Ground One, Petitioner alleges that his appellate counsel was ineffective for failing "to raise on appeal that the trial court committed reversible error, because the evidence clearly demonstrated probable cause that entitled Petitioner to release or [a] bench trial." ECF No. [7] at 7. Petitioner raised the same claim as trial court error in his *pro se* initial brief in *Pearson v. State*, 2020 WL 4342245 (Fla. 3d DCA July 29, 2020). *See* ECF No. [19-1] at 533. Respondent states that Petitioner's trial court error claim, "couched in an ineffective assistance of counsel claim . . . is not cognizable on federal habeas review." ECF No. [18] at 32 (citing *Estelle v. McGuire*, 502

7

U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")). The Court agrees.[3]

Although labeled an ineffective assistance claim, Petitioner is actually challenging the state trial court's probable cause determination under Fla. Stat. § 394.918(3) ("If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue."). In other words, Petitioner asks the Court to reexamine a state-court determination on state-law questions. *See Estelle*, 502 U.S. at 67–68. The Court must therefore limit inquiry to whether the state court violated Petitioner's federal constitutional rights. *See id*.

As previously discussed, having reviewed the doctors' reports, hearing argument, and considering Petitioner's statement, the state trial court found that there was insufficient probable cause and stated its reasoning on the record. After conducting a complete review of the record, the Court finds the probable cause determination to be reasonable. *See Wilson*, 138 S. Ct. at 1192 (requiring a federal court sitting in habeas to defer to "reasonable" reasons given by the state court in rejecting a claim for relief). None of the alleged errors rise to the level of a due process violation. *See Estelle*, 502 U.S. at 67. As such, the state court did not violate Petitioner's federal constitutional rights. Ground One is thus denied.

**ii. Ground Three**

In Ground Three, Petitioner asserts that he was "denied his right to release and/or a bench trial, where there was sufficient evidence to establish probable cause that Petitioner's condition had changed, and it was safe for him to be released." ECF No. [7] at 16. This ground is effectively identical to Ground One. Thus, Ground Three is denied for the reasons explained above.

---

[3]The Court nevertheless notes that appellate counsel cannot be ineffective for filing an *Anders* brief in lieu of raising meritless claims on appeal. *See Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013) ("It is also crystal clear that there can be no showing of actual prejudice from an appellate attorney's failure to raise a meritless claim.").

### D. Grounds Two and Four

### i. Ground Four

In Ground Four, Petitioner asserts he "was denied his right to due process when the trial judge departed from her role to be fair and impartial during the Petitioner's probable cause hearing." ECF No. [7] at 17. He alleges that the judge was biased because she called his attorney's presentation of the case "misleading" and "suggested that Petitioner's counsel should present favorable evidence which supports the State's case." *Id.* Petitioner refers to the instance when his attorney read portions of Dr. Swan's report[4] during his probable cause hearing. Petitioner's attorney, Ms. Kim, noted that, "Dr. Swan typically gets the majority of her work by working on behalf of the State . . ." and yet the doctor "acknowledge[d] that Mr. Pearson has not had a disciplinary report for inappropriate sexual behavior in 9 years." ECF No. [15-7] at 77:22–24, 78:1–3. Ms. Kim proceeded to highlight the positive remarks made by Dr. Swan, and the trial judge asked:

> THE COURT: Aren't you skipping certain sentences in that?
>
> MS. KIM: I moved onto different pages or sections. I'm sure the State will argue those facts of her report.
>
> THE COURT: You are reading it word for word, but then you are skipping sentences such as his participation in alcoholics anonymous and narcotics anonymous. It says he has been inconsistent and it's reported he earned two hours for December, no hours for January, and 4 hours for February . . . I want to be honest if we are reading what's in the report let's read the whole section[.]
>
> MS. KIM: I understand Your Honor, however my doctors represent Mr. Pearson, so I'm highlighting the parts of the report [from] Doctor Swan I believe are positive for Mr. Pearson.
>
> THE COURT: **If you are going to summarize it for me, summarize it. But if you are going to read it word for word, let's read it word for**

---

[4]Dr. Swan's report was prepared on behalf of the State. *See* ECF No. [15-7] at 77:13–25.

> **word because it seems like you are trying to mislead me**. If I hadn't read that particular [paragraph] previously myself, I might have missed some important issues. Go ahead.
>
> MS. KIM: I understand, but I believe [the prosecutor] will be more than happy to highlight all those things for, Your Honor…

*Id.* at 79:24–25, 80:1–25, 81:1–5 (emphasis and alterations added). For a due process violation, Petitioner must show that the judge displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The record indicates that the trial judge did not want Petitioner's counsel to skip parts of the report because she did not want to miss important issues. The trial judge allowed counsel to summarize the positive factors for her client but did not want a selective reading of the report. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration" do not constitute a constitutional violation. *Id.* at 556; *see also Davis v. Jones*, 506 F.3d 1325, 1333–37 (11th Cir. 2007) (rejecting a state habeas petitioner's appearance-of-bias claim for lack of supporting Supreme Court authority; citing circuit decisions suggesting that an appearance of bias is not a due-process violation). In sum, the state court's decision does not conflict with clearly established federal law, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Ground Four is thus denied.

### ii. Ground Two

In Ground Two, Petitioner alleges his appellate counsel was ineffective for failing "to raise on appeal that [the] trial court abused its discretion when it failed to be fair and impartial during Petitioner's probable cause hearing." No. [7] at 11. As explained above, this claim is meritless. Therefore, counsel cannot be ineffective for failing to raise it on appeal. *See Brown*, 720 F.3d at 1335. Ground Two is thus denied.

## IV. EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record before the Court. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court denies a certificate of appealability on all grounds.

## VI. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Franklin Pearson's Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. [7]**, is **DENIED**.

Case No. 22-cv-23812-BLOOM

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Franklin Pearson
990618
Florida Civil Commitment Center (FCCC)
13619 SE Highway 70
Arcadia, FL 34266
PRO SE